UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

RON KIRK; and all others
similarly situated,

                    Plaintiff,

          v.

TERRY D. GOBEL and JANE DOE
GOBEL, husband and wife,

                    Defendants.

NO. CV-08-0344-EFS

**ORDER RULING ON CROSS
SUMMARY JUDGMENT MOTIONS,
MOTION TO STRIKE, AND 56(f)
MOTION TO CONTINUE**

A hearing occurred in the above-captioned matter on May 26, 2009.
Plaintiff Ron Kirk was present and represented by Michael Kinkley and
Alan L. McNeil. Carl Heuber appeared on behalf of Defendants Terry and
Jane Doe Gobel - Mr. Gobel was present. Before the Court were four
motions. First, Defendants ask the Court to enter summary judgment in
their favor on Plaintiff's Fair Debt Collections Practices Act (FDCPA)
and Washington Consumer Protection Act (WCPA) claims. (Ct. Rec. 9.)
Plaintiff opposes their motion and also filed a motion for summary
judgment (Ct. Rec. 27) and a motion to continue (Ct. Rec. 19) Defendants'
motion in part. Plaintiff's summary judgment motion asks the Court to
find that Mr. Gobel violated the FDCPA by making misrepresentations and
using unfair practices to recover attorney fees and unregistered process
server costs in a state court action.[1] Defendants oppose Plaintiff's

---

[1]  Plaintiff is not asking for a ruling on his WCPA claims.

ORDER ~ 1

motions, contending that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine and res judicata and that no FDCPA violation occurred because the attorney fees and collection costs were legally awarded by the state court under the contracts.  Defendants also filed a motion to strike paragraph 7 of Laura Miller's Affidavit. (Ct. Rec. 44.)

After reviewing the submitted materials and relevant authority and hearing oral argument, the Court is fully informed.  For the reasons given below, the Court 1) denies Plaintiff's Rule 56(f) continuance request because discovery regarding the attorney fees calculation and underlying contracts is unnecessary, 2) denies Defendants' motion to strike paragraph 7 of Ms. Miller's Affidavit, and 3) grants and denies in part both summary judgment motions, ruling a) neither *Rooker Feldman* nor res judicata apply, b) Mr. Gobel is a debt collector, c) Mr. Gobel did not violate the FDCPA or WCPA by asserting RCW 4.84.250 as an alternative grounds for attorney fees in the state court complaint or equity as an alternative grounds for attorney fees in either the complaint or the motion for default judgment, d) Mr. Gobel did violate the FDCPA by seeking attorney fees under RCW 4.84.250 in the motion for default judgment and recovery for unregistered process server costs in the complaint and motion for default judgment, and e) Mr. Gobel may pursue the bona fide error affirmative defense.

## A.   Undisputed Facts[2]

Mr. Kirk hired Independent Services Corp. (ISC) to provide in-home health care and signed two contracts - a Basic Service Agreement and a

---

[2]   The parties agreed to the facts unless indicated otherwise. (Ct. Rec. 62.)

Client Registration and Home Plan - on January 18, 2005. (Ct. Rec. 17-2:

Runcorn Aff. ¶ 2.)   The Basic Service Agreement provided in part:

> Collection of Payment for Services. In the event it becomes necessary to collect any amounts from services rendered under this agreement, client agrees to pay all costs of fees/collection, including any attorneys fees.

*Id.* ex. A.   The Client Registration and Home Plan provided in part:

> IF EITHER PARTY MUST RETAIN AN ATTORNEY TO ENFORCE ANY RIGHTS OR RESPONSIBILITIES ARISING UNDER THIS AGREEMENT, IT IS AGREED THAT ATTORNEY FEES AND COURT COST WILL BE AWARDED TO THE PREVAILING PARTY. VENUE FOR ANY LITIGATION ARISING FROM THIS AGREEMENT SHALL BE IN SPOKANE COUNTY. THIS AGREEMENT SHALL BE CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF WASHINGTON.

*Id.* ex. B.

ISC believed Mr. Kirk to be in default and retained Mr. Gobel, an attorney who advertises that he regularly does collection work against consumers, to pursue collection. *Id.* ¶ 4; Ct. Rec. 32: McNeil Aff.   On December 22, 2006, Mr. Gobel filed a summons and complaint in Spokane County District Court on ISC's behalf against Mr. Kirk seeking payment of the alleged outstanding contractual obligation. (Ct. Rec. 13: Gobel Aff. exs. B & C.)   The complaint drafted by Mr. Gobel included the following recovery request:

> 5.    For the collection costs and reasonable collection attorney fees under contract and/or RCW 4.84 in damage cases under $10,000; equitable attorney's fees under *Miotke v. Spokane*, 101 Wn.2d 307, 338 (1984).

*Id.* ex. C.

Mr. Gobel contracted William B. Gillingham, Jr. to serve the summons and complaint on Mr. Kirk.  Mr. Gillingham was not registered as a process server as required by Washington law and therefore a process server registration number was not listed on the affidavit of service,

ORDER ~ 3

which was prepared by Mr. Gobel's office, as required by RCW 18.180.030(1).  (Ct. Rec. 18: Bundy Aff.; Ct. Rec. 22 pp. 5-6 & 22.)

Mr. Kirk did not appear in the matter.  Mr. Gobel, on ISC's behalf, filed a Motion and Affidavit for Order of Default and Default Judgment in which he sought $670.25 in attorney fees and $70.00 for service fees. (Ct. Rec. 22 pp. 17-20.)  The motion stated:

> Authority for reasonable attorney fees: Per the contract and fee provision and/or for collection costs and reasonable collection attorney fees under RCW 4.84 in damage cases under $10,000; or attorney fees according to local rule in case of Defendants' default; equitable attorney's fees under Miotke vs. Spokane, 101 Wash.2d 307, 338 (1984).

(Ct. Rec. 22 p. 19.)  Without viewing the ISC contracts, the state court entered default against Mr. Kirk and awarded ISC the requested relief, including process server costs and attorney fees.  *Id.*

Mr. Gobel then filed for supplemental proceedings to aid in collecting on the judgment - a process he regularly engages in for each ISC case in which a default judgment is obtained. (Ct. Rec. 31: Miller Aff.)  Mr. Gobel hired Mr. Gillingham to serve the supplemental proceeding materials; again, Mr. Gillingham was not a registered process server at this time as statutorily required.  (Ct. Rec. 18.)

On November 10, 2008, Mr. Kirk filed this lawsuit alleging that Mr. Gobel violated the FDCPA, 15 U.S.C. § 1692e et seq., and Washington Consumer Protect Act, RCW 19.86 *et seq.*, by making misrepresentations and using unfair practices to recover unregistered process server and attorney fees based on RCW 4.84.250 and the equitable bad faith doctrine. (Ct. Rec. 1.)  Mr. Kirk is a "consumer" as defined by 15 U.S.C. 1692a(3). (Ct. Rec. 6 § 3.2.)

Also, on November 10, 2008, Mr. Kirk filed a motion in Spokane County District Court to set aside the judgment entered against him.  In

ORDER ~ 4

response to the state court motion, ISC produced a copy of the signed ISC contracts.  On May 22, 2009, the Spokane County District Court granted Mr. Kirk's motion in part by striking the unregistered process server costs and reducing the attorney fees, finding no basis for attorney fees under RCW 4.84.250 or equity.  (Ct. Rec. 69.)  ISC appealed the decision to Spokane County Superior Court.  (Ct. Rec. 72.)

**B.   Standard**

Summary judgment is appropriate if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Once a party has moved for summary judgment, the opposing party must point to specific facts establishing that there is a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).  If the nonmoving party fails to make such a showing for any of the elements essential to its case for which it bears the burden of proof, the trial court should grant the summary judgment motion. *Id.* at 322.  "When the moving party has carried its burden of [showing that it is entitled to judgment as a matter of law], its opponent must do more than show that there is some metaphysical doubt as to material facts.  In the language of [Rule 56], the nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial.*'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986) (citations omitted) (emphasis in original opinion).

When considering a motion for summary judgment, a court should not weigh the evidence or assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be

1  drawn in his favor." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255
2  (1986).  This does not mean that a court will accept as true assertions
3  made by the non-moving party that are flatly contradicted by the record.
4  *See Scott v. Harris,* 550 U.S. 372, 380 (2007) ("When opposing parties
5  tell two different stories, one of which is blatantly contradicted by the
6  record, so that no reasonable jury could believe it, a court should not
7  adopt that version of the facts for purposes of ruling on a motion for
8  summary judgment.").

9       When parties file cross-motions for summary judgment, "the court
10 must rule on each party's motion on an individual and separate basis,
11 determining, for each side, whether a judgment may be entered in
12 accordance with the Rule 56 standard." *Fair Housing Council of Riverside*
13 *County v. Riverside Two,* 249 F.3d 1132, 1136 (9th Cir. 2001).   In
14 fulfilling its duty to review each cross-motion separately, the court
15 must review the evidence submitted in support of each cross-motion.  *Id.*

16 **C.  Authority and Analysis**

17      Before addressing the issues surrounding Mr. Gobel's state-court
18 conduct, the Court must address the jurisdictional *Rooker-Feldman*[3]
19 doctrine and related res judicata arguments raised by Defendants in their
20 response to Mr. Kirk's summary judgment motion.  *See Byrd v. Homecomings*
21 *Fin. Network*, 407 F. Supp. 2d 937, 942 (N.D. Ill. 2005); *Todd v. Weltman,*
22 *Weinberg & Reis Co.*, 434 F.3d 432, 435 (6th Cir. 2006).

23      1.   *Rooker Feldman* and Res Judicata

24      In their briefing, Defendants argue that the Court lacks
25 jurisdiction over Mr. Kirk's claims because review of the state court's

26 _____

[3] *Dist. of Columbia Ct. of Appeals v. Feldman,* 460 U.S. 462 (1983);
*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

ORDER ~ 6

1  fee award and collection costs is barred by the *Rooker-Feldman* doctrine

2  and, further, that res judicata precludes federal court review of

3  previously-determined state-court issues.    At the hearing, however,

4  Defendants acknowledge that these doctrines no longer apply because the

5  state court vacated its prior default judgment and Defendants have now

6  appealed the modified judgment.    Accordingly, there is no final state

7  court judgment against which the Court can consider these two doctrines.

8        2.   <u>Summary Judgment Motions</u>

9        Both parties ask the Court to determine the FDCPA claims in their

10 favor; Defendants also contend Plaintiff cannot prevail on his WCPA

11 claims.    Central to resolution of both of these claims is whether Mr.

12 Gobel engaged in unfair practices or misrepresentations during the state

13 court collection process.    To set out the scope of permissible conduct

14 by a debt collector, the Court - as did the parties - focuses on the

15 FDCPA.

16       Congress' express purpose in enacting the FDCPA was "to eliminate

17 abusive debt collection practices by debt collectors, to insure that

18 those debt collectors who refrain from using abusive debt collection

19 practices are not competitively disadvantaged, and to promote consistent

20 State action to protect consumers against debt collection abuses."   15

21 U.S.C. § 1592(e).   Congress found that the existing laws, both state and

22 federal, were inadequate to fully address the problems caused by debt

23 collectors using unfair or deceptive practices.    To correct this

24 inadequacy, the FDCPA prohibits debt collectors from using:

25       •     " . . . any false, deceptive, or misleading representation or

26             means in connection with the collection of any debt. . . .

             [including falsely representing] any services rendered or

compensation which may be lawfully received by any debt collector for the collection of a debt," 15 U.S.C. § 1692e(2)(B), or

- " . . . unfair or unconscionable means to collect or attempt to collect any debt. . . .[including collecting] any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless the amount is expressly authorized by the agreement creating the debt or permitted by law," *id.* § 1692(f)(1).

The FDCPA is a strict liability statute, unless the debt collector can prove that it committed a bona fide error. *Id.* § 1692k(c); *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1175 (9th Cir. 2006).

It is undisputed that Mr. Kirk is a "consumer" and that the obligation owed by Mr. Kirk to ISC was a "debt." 15 U.S.C. § 1692a(3) & (5). Mr. Gobel apparently disputes that he is a "debt collector:"

    any person who uses any instrumentality of interstate commerce
    or the mails in any business the principal purpose of which is
    the collection of any debt, or who regularly collects or
    attempts to collect, directly or indirectly, debts owed or due
    or asserted to be owed or due another.

15 U.S.C. § 1692a(6). Because Defendants failed to present any evidence to refute Mr. Kirk's factual allegation that Mr. Gobel is a debt collector, it is undisputed that Mr. Gobel advertises that he regularly collects debts owed to ISC and others, and Mr. Gobel has filed supplemental collection proceedings on many creditors' behalf, the Court finds that Mr. Gobel is a debt collector.[4] Accordingly, the Court finds

---

[4] Defendants moved to strike paragraph 7 of Laura Miller's Affidavit (Ct. Rec. 31) because it contains irrelevant, inflammatory, and prejudicial material since she was not a percipient witness. The Court

ORDER ~ 8

Mr. Gobel was required to comply with the FDCPA in pursuing collection of the ISC debt owed by Mr. Kirk.

Each of the summary judgment motions requires the Court to consider whether Mr. Gobel unlawfully attempted to collect 1) attorney fees against Mr. Kirk by pleading equity and RCW 4.84.250 as alternative grounds for attorney fees in the complaint and/or motion for default judgment and 2) unregistered process server costs in the motion for default judgment.

         a.    Attorney Fees

Washington follows the American rule that a prevailing party normally does not recover its attorney fees. *Dempere v. Nelson*, 76 Wn. App. 403, 406 (1994). Therefore, attorney fees are awardable only if authorized by contract,[5] statute, or equity. *Id.*

---

disagrees and denies Defendants' motion because Ms. Miller personally viewed multiple supplemental proceeding materials filed by Mr. Gobel. However, the Court orders Plaintiff to supplement Ms. Miller's paragraph 7 as follows given that ISC provides in-home care not only to disabled persons but to the elderly as well:

> Mr. Gobel requires appearances to determine if the debtor is still unable to pay the judgment. Since Independent Services is in the business of providing homecare to disabled <u>and elderly</u> persons, the person Mr. Gobel is causing to be ordered to the courthouse repeatedly are disabled <u>and/or elderly</u> persons.

(Underlying represents language that is to be added.)

    [5] As noted above, there are contracts that allowed ISC to recover reasonable attorney fees and collection costs. ISC's contractual right to recover is distinct from whether Mr. Gobel violated the FDCPA by seeking attorney fees on alternative grounds. Therefore, the Court

ORDER ~ 9

i.    *Statutory - RCW 4.84.250*

The legal question presented is whether it is a FDCPA violation to assert a right to recover attorney fees under RCW 4.84 *et al.* when no offer of settlement was made.   Defendants argue that their alternative RCW 4.84 request was proper because 1) when the complaint was filed, ISC had no reason to know that Mr. Kirk would acquiesce to a default judgment and not provide an opportunity to make a settlement offer, 2) the propriety of fees under RCW 4.84.250 is irrelevant because attorney fees were properly awarded pursuant to the contract, and 3) RCW 4.84 is a viable theory of recovery for a party who prevails via default judgment.

Taking Defendants' second argument first, the Court disagrees with Defendants' argument because allowance of contractual attorney fees is immaterial to whether Mr. Gobel violated the strict-liability FDCPA by claiming the right to recover attorney fees under non-contractual grounds.

A review of RCW 4.84 *et al.* is necessary to address Defendants' other two arguments.   RCW 4.84.250 states:

> Notwithstanding any other provisions of chapter 4.84 RCW and RCW 12.20.060, in any action for damages where the amount pleaded by the *prevailing party* as hereinafter defined, exclusive of costs, is seven thousand five hundred dollars or less, there shall be taxed and allowed to the prevailing party as a part of the costs of the action *a reasonable amount to be fixed by the court as attorneys' fees.* After July 1, 1985, the maximum amount of the pleading under this section shall be ten thousand dollars.

denies Plaintiff's Rule 56(f) continuance request because discovery into the calculation of attorney fees and Mr. Gobel's failure to comply with the local rule requiring the filing of the contracts is immaterial to the legal questions before the Court, i.e., whether Mr. Gobel violated the FDCPA by asserting non-contractual grounds for attorney fees.

ORDER ~ 10

RCW 4.84.260 (emphasis added).   In order to be deemed the prevailing party, RCW 4.84.270 requires that "the recovery, exclusive of costs, is as much as or more than the amount offered in settlement by the plaintiff, or party seeking relief, as set forth in RCW 4.84.280."   RCW 4.84.280[6] specifies how the offer of settlement is to be made.

It is undisputed that ISC did not make a settlement offer because Mr. Kirk did not appear or respond to the state complaint.   Although ISC did not make a settlement offer, the Court finds it was not unfair or misleading for Mr. Gobel to include RCW 4.84 as an alternative ground of recovery in the state complaint because he had no reason to believe that Mr. Kirk would fail to respond and that a default judgment would be entered, thereby providing no opportunity for a settlement offer.   Yet, when Mr. Gobel filed the motion for default judgment, he was aware that no settlement offer had been made; accordingly, the Court finds that it was unfair and misleading under 15 U.S.C. §§ 1692e and 1592f to claim RCW 4.84.250 as an alternative basis for attorneys fees in the motion for default judgment.   Accordingly, both Plaintiff Kirk's and Defendants' motions are granted in part - it was not unfair or misleading for Mr. Gobel to plead RCW 4.84.250 as an alternative basis for attorney fees in the complaint, but it was unfair and misleading to plead RCW 4.84.250 as

---

[6]   RCW 4.84.280

Offers of settlement shall be served on the adverse party in the manner prescribed by applicable court rules at least ten days prior to trial. Offers of settlement shall not be served until thirty days after the completion of the service and filing of the summons and complaint. Offers of settlement shall not be filed or communicated to the trier of the fact until after judgment, at which time a copy of said offer of settlement shall be filed for the purposes of determining attorneys' fees as set forth in RCW 4.84.250.

ORDER ~ 11

an alternative basis for attorney fees in the motion for default judgment.

### ii. *Equity*

As noted above, Mr. Gobel requested in the state court complaint:

> For the collection costs and reasonable collection attorney fees under contract and/or RCW 4.84 in damage cases under $10,000; equitable attorney's fees under *Miotke v. Spokane*, 101 Wn.2d 307, 338 (1984).

(Ct. Rec. 22 ex. 3 pp. 2-3.)  A similar request was contained in the motion for default judgment. *Id.* ex. 4 p. 3.  Defendants contend that, even though the theory of recovery has been criticized, Washington continues to recognize bad faith as a basis for an award of equitable attorney fees as pled in the complaint.

There are four recognized grounds for equitable attorney fees awards in Washington:  1) bad faith conduct of the losing party, 2) preservation of a common fund, 3) protection of constitutional principles, and 4) private attorney general actions. *Miotke v. Spokane*, 101 Wn.2d 307, 338 (1984), *overruled in part on other grounds by Blue Sky Advocates v. Washington*, 107 Wn.2d 112 (1986).  The first ground - bad faith conduct of the losing party - is the only one at issue here.  The question is whether the bad faith conduct can be based solely on pre-litigation conduct.

In 1984, the Washington Supreme Court briefly mentioned that bad faith has been recognized as a basis for an equitable attorney fees award. *Id*.  Because the court determined that the pre-litigation conduct did not rise to the level of bad faith, it did not resolve whether the bad faith can be pre-litigation or whether it must be litigation conduct. In 1994, the Washington Court of Appeals decided that the bad faith cannot be pre-litigation, in part because allowing attorney fees for pre-

litigation conduct would violate Washington's no-punitive-damages stance.
*Dempere*, 76 Wn. App. at 408-10.    The Washington Practice Series
recognizes that:

> Washington courts have equitable authority to award attorney
> fees to a party who has been subjected to the opposing party's
> bad-faith or oppressive conduct.  However, no Washington court
> has actually awarded attorney fees based on bad faith.
> Although some cases suggest authority for such an award, it
> appears that the *reference is toward bad faith conduct in
> litigation itself*, rather than bad faith in the transaction
> giving rise to the litigation.

David DeWolf & Keller Allen, 16 *Washington Practice Series*, Tort Law and
Practice § 5.22 (3d ed. 2009) (emphasis added).

Given Washington case law's recognized uncertainty and ambiguity
regarding whether attorney fees can be based solely on pre-litigation bad
faith, the Court concludes Mr. Gobel did not violate either the FDCPA or
the WCPA by asserting equity, even pre-litigation equity, as a basis for
an award of attorney fees.  It was neither unfair nor deceptive to plead
equity given the uncertain status of pre-litigation equitable attorney
fees in Washington.  Therefore, Defendants' summary judgment motion is
granted in part, and Plaintiff's summary judgment motion is denied in
part.

### iii. "*Padding*" - amount of attorney fees awarded

In his motion, Mr. Kirk also challenges the state court's attorney
fees calculation on the grounds that it failed to comply with *Mahler v.
Szucs*, which requires a court to "take an active role in assessing the
reasonableness of fee awards, rather than treating cost decisions as a
litigation afterthought."  135 Wn.2d 398, 434-35 (1998). Even if the
Court were in a position to review the state court's calculation, which
it is not, this argument is now moot given that the state court modified
the default judgment and an appeal is pending.

ORDER ~ 13

            b.  Process Server Costs

    Mr. Kirk argues that Mr. Gobel unfairly sought recovery of unregistered process server costs.  Defendants maintain that Mr. Gobel properly asserted a right to recover the $70.00 charged by Mr. Gillingham because the ISC contracts allowed for recovery of collection costs.  In the alternative, Defendants argue that summary judgment in Mr. Kirk's favor is inappropriate because issues of fact exist as to whether Mr. Gobel's request constitutes a bona fide error.

    The two statutes at issue are RCW 4.84.010 and 18.180.040.

    RCW 4.84.010 provides, in pertinent part:

> The measure and mode of compensation of attorneys and counselors, shall be left to the agreement, expressed or implied, of the parties, but there shall be allowed to the prevailing party upon the judgment certain sums by way of indemnity for the prevailing party's expenses in the action, which allowances are termed costs, including, *in addition to costs otherwise authorized by law*, the following expenses:
>
> (1) Filing fees;
>
> (2) Fees for the service of process by a public officer, *registered process server*, or other means, as follows:
>
>    (a) When service is by a public officer, the recoverable cost is the fee authorized by law at the time of service.
>
>    (b) If service is by a process server registered pursuant to chapter 18.180 RCW or a person exempt from registration, the recoverable cost is the amount actually charged and incurred in effecting service; . . . .

(Emphasis added).  RCW 18.180.040 codifies the legislature's goal of ensuring that process servers are registered, stating:

> (1) Except as provided in subsection (2) of this section, any person who is otherwise entitled to collect the costs of service of process *shall not be entitled to collect those costs if the person does not use a process server who under this chapter either is required to register* or is exempt from the registration requirement.
>
> (2) The person may collect the costs of the service of process

> if the process server registers within forty-five days
> after serving the process.
>
> (3)   This section shall apply to all process served on or after
> August 1, 1992.

(Emphasis added).

The parties did not cite to, nor did the Court find, a Washington appellate decision analyzing the interplay between these two statutes in order to decide whether unregistered process server costs are recoverable *if* a contract allows for recovery of collection costs.  Accordingly, this Court has the task of interpreting the statutes as the Washington Supreme Court would.[7]  *See Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 925 (9th Cir. 2004).  To determine the plain meaning of a Washington statutory provision, a court looks first to the plain meaning of the statute and the entire statutory scheme.  *Washington v. Jacobs*, 154 Wn.2d 596, 600 (2005); *Malcolm v. Payne*, 281 F.3d 951 (9th Cir. 2002). Statutes which relate to the same subject matter are considered together to ascertain legislative intent.  *Johnson v. Goodyear Tire & Rubber Co.*, 790 F. Supp. 1516 (E.D. Wash. 1992).

///

--------

[7]  At the hearing, the Court sought guidance from the parties as to whether this issue should be certified to the Washington Supreme Court pursuant to RCW 2.60.020.  Plaintiff opposed certification, while Defendants seek certification.  (Ct. Recs. 75 & 76.)  After further consideration, the Court determines certification is unnecessary because the statutes are clear - unregistered process server costs cannot be recovered.

ORDER ~ 15

RCW 4.84.010 sets forth the expenses that a prevailing party can recovery statutorily, but also recognizes that these statutory costs are "in addition to costs otherwise authorized by law." *See Ernst Home Ctr. v. Sato*, 80 Wn. App. 473, 491 (1996) (interpreting "in addition to costs otherwise authorized by law" to include costs allowed by the parties' agreement, commenting "[t]his proviso would be superfluous if interpreted to mean the equivalent of statutory costs"). A clear reading of these statutes requires a finding that, even if a contract allows for collection costs, unregistered process server costs cannot be recovered. Allowing recovery of unregistered process server costs would defeat the legislature's clear requirement that process servers register. Accordingly, unregistered process server costs are not "otherwise authorized by law" under RCW 4.84.010.

Defendants argue that such an interpretation fails to recognize that the right to contract is an essential constitutional right. The legislature, however, has the ability to regulate business transactions and to facilitate legitimate public goals - here, ensuring that process servers are registered.

Accordingly, the Court finds Mr. Gobel violated 15 U.S.C. § 1692e(2)(B) and § 1692f(1) by requesting recovery for unregistered process server costs. Yet, issues of fact exist as to whether Mr. Gobel is entitled to pursue a bona fide error defense under 15 U.S.C. § 1692k(c).[8] *See Clark v. Capital Credit & Collection Servs. Inc.*, 460

---

[8]  Section 1692k(c) provides:

A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding

ORDER ~ 16

F.3d 1162, 1177 (9th Cir. 2006) (ruling that bona fide error defense affirmative defense which debt collector must prove)..

The debt collector seeking the protection of the bona fide error defense must prove that the violation was 1) unintentional, 2) a bona fide error, and 3) made despite the maintenance of procedures reasonably adapted to avoid the error. *Johnson v. Riddle*, 443 F.3d 723, 727-28 (10th Cir. 2006). Determining whether the violation was unintentional is a subjective test. *Id.* at 728. The other two prongs are objective tests. *Id.* at 729. To satisfy the third factor, the debt collector must produce evidence of reasonable preventative procedures aimed at avoiding the errors. *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1006 (9th Cir. 2008); *Avery v. Gordon*, 2008 WL 4793686 (D. Or. 2008). Because whether Mr. Gobel utilized reasonable preventative procedures aimed to avoid seeking recovery of unregistered process server costs is a fact-intensive inquiry, discovery regarding Mr. Gobel's preventative procedures is necessary.

**D.   Conclusion**

For the reasons given above, **IT IS HEREBY ORDERED**:

1.   Defendants' Motion for Summary Judgment **(Ct. Rec. 9)** is **GRANTED** (Mr. Gobel did not violate the FDCPA or the WCPA by requesting attorney fees under RCW 4.84.250 in the complaint or equitable attorney fees in the complaint or motion for default judgment) **and DENIED** (remainder) **IN PART.**

///

the maintenance of procedures reasonably adapted to avoid any
such error.

ORDER ~ 17

1    2.    Plaintiffs' Motion to Continue Defendants' Summary Judgment

2    **(Ct. Rec. 19)** is **DENIED.**

3    3.    Plaintiffs' Motion for Partial Summary Judgment on FDCPA

4    Violation and Liability **(Ct. Rec. 27)** is **GRANTED** (Mr. Gobel is a debt

5    collector; Mr. Gobel violated the FDCPA by requesting attorney fees under

6    RCW 4.84.250 in the motion for default judgment and unregistered process

7    server fees in the complaint and motion for default judgment) **and DENIED**

8    (remainder) **IN PART.**

9    4.    Defendant's Motion to Strike Portions of Affidavit of Laura

10    Miller **(Ct. Rec. 44)** is **DENIED;** however, **no later than June 5, 2009,**

11    Plaintiff shall amend Ms. Miller's Affidavit as set forth above.

12    **IT IS SO ORDERED.** The District Court Executive is directed to enter

13    this Order and forward copies to counsel.

14

15    **DATED** this ___3rd___ day of June 2009.

16

17                               _____S/ Edward F. Shea_____

18                                       EDWARD F. SHEA
                                  United States District Judge
19

20

21    Q:\Civil\2008\0344.fdcpa.msj.wpd

22

23

24

25

26

ORDER ~ 18